# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL KEVIN HAILEY** | **CIVIL ACTION NO. 12-2932-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN CAIN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Michael Kevin Hailey ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this court on November 16, 2012. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction, habitual offender adjudication, and sentence. Petitioner names Warden Burl Cain as respondent.

On December 1, 2005, Petitioner was convicted of one count of attempted second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. On April 12, 2006, he was adjudicated a fourth felony offender. On May 5, 2006, he was sentenced to 87 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he was denied the right to judicial

review through an application for post-conviction relief; (2) the State withheld exculpatory evidence in violation of <u>Brady</u>; (3) he received ineffective assistance of counsel; (4) the jury instructions were improper; (5) there was a judicial error during sentencing; (6) he was denied due process of law; and (7) his sentence is not in compliance with the law.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.   the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.   the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.   the date that "the constitutional right asserted was initially recognized by the

---

[1]   The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  <u>See</u> 28 U.S.C. § 2244(d)(2).

Supreme Court," if it is newly recognized and made retroactively applicable; or

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

**Statutory Tolling**

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on December 1, 2005, adjudicated a fourth felony offender on April 12, 2006, and sentenced on May 5, 2006.  The Louisiana Second Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence on February 28, 2007.  State v. Hailey, 953 So.2d 979, 41,897, (La. App. 2 Cir. 2/28/07).  The Supreme Court of Louisiana denied writs of review on November 16, 2007.  State v. Hailey, 967 So.2d 522, 2007-1024 (La. 11/16/07).  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the

Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Therefore, Petitioner's one-year period commenced 90 days after November 16, 2007 on

February 14, 2008.

The federal petition currently before the court was filed in this court on November 16,

2012 and signed by Petitioner on October 26, 2012.  Since the federal clock began ticking

on February 14, 2008 at the latest, and Petitioner had one full year in which to file his federal

petition, Petitioner would have had to file this petition on or before February 14, 2009.  This

petition was not filed until October 2012, more than three years too late.

In addition, the post-conviction proceedings initiated by Petitioner in May 2011 do

not serve to toll the one-year limitation period, as they were not filed within the one-year

period.  See supra footnote 1.  Review of these proceedings continued until the Supreme

Court of Louisiana denied relief on August 22, 2012.  To toll the federal limitation period at

all, a petitioner's post-conviction application must be filed within the federal one-year period.

Petitioner did not file the application for post-conviction relief until May 2011, after the

limitation period had already expired in February 2009.  Thus, statutory tolling does not

apply in this matter and this case is time barred.

**Equitable Tolling**

Petitioner argues that the federal one-year limitation period should be equitably tolled.

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing

a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and

is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th

Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one year limitation period should be equitably tolled because after he was convicted and sentenced, he was transferred to Texas on October 8, 2007 for adjudication on pending charges.  He claims that during his detention in Texas, he did not have access to Louisiana law or legal materials in order to file his Louisiana state application for post-conviction relief.  He claims he was returned to Louisiana on November 9, 2009 and transferred to the Louisiana State Penitentiary on January 4, 2010.  He claims he did not receive a letter from Texas authorities until February 22, 2011 that proved he was detained in Texas without access to Louisiana law or legal materials.

The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The fact that Petitioner

is proceeding <u>pro</u> <u>se</u> and was unaware of the law in this matter because he was unskilled and because of an inadequate law library are not "rare and exceptional" circumstances.  <u>See</u> <u>United States v. Flores</u>, 981 F.2d 231, 236 (5th Cir. 1993); <u>Felder v. Johnson</u>, 204 F.3d 168, 172-173 (5th Cir.), <u>cert. denied</u>, 121 S.Ct. 622 (2000); <u>Scott V. Johnson</u>, 227 F.3d 260, (5th Cir 2000).  Furthermore, Petitioner does not claim that he was unaware of the state court time limitations to file an application for post-conviction relief and the federal court time limitations to file a petition for writ of <u>habeas</u>.  Thus, equitable tolling does not apply in this matter and this case is time barred.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 15th day of November 2013.

Mark L. Hornsby
U.S. Magistrate Judge